IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMIE STRUBE,

    Plaintiff,

v.                                          Civil Action No. 5:18CV121
                                                            (STAMP)
ANDREW SAUL,
Acting Commissioner of
Social Security,[1]

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The plaintiff, Jamie Strube, by counsel, seeks judicial review of the above-named defendant's decision to deny her claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

The plaintiff applied for DIB and SSI in November 2014, alleging disability beginning August 1, 2013. Her claim was denied initially and again upon reconsideration. The plaintiff then filed a written request for a hearing, and a hearing was held before the Administrative Law Judge ("ALJ") in Morgantown, West Virginia. The plaintiff, represented by counsel, and an impartial vocational expert appeared at the hearing. The ALJ issued an unfavorable

---

[1]This Court notes that Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019.

decision to the plaintiff, and the plaintiff appealed.  The Appeals Council denied the plaintiff's request for review, and the plaintiff timely brought her claim before this Court to obtain judicial review of the Commissioner's final decision pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g).  ECF No. 1.  The Commissioner, through counsel Helen Campbell Altmeyer, Assistant United States Attorney, filed his answer and the administrative record of the proceedings on December 6, 2018.  ECF No. 7.  The plaintiff and the defendant both filed motions for summary judgment with supporting briefs.  ECF Nos. 17 and 20.

The plaintiff argues that the ALJ committed two errors in his decision.  Specifically, the plaintiff contends that the ALJ "erroneously evaluated the Plaintiff's subjective complaints" and "erroneously assessed the Plaintiff's residual functional capacity."  ECF No. 18 at 5, 9.  Based on these alleged errors, plaintiff claims "the final administrative decision of the Commissioner fails to be supported by substantial evidence, is erroneous as a matter of law, and must be reversed."  Id. at 12.

The Commissioner argues that the ALJ's decision and findings as to plaintiff's subjective complaints and residual function capacity are supported by substantial evidence, and thus requests this Court to grant the motion for summary judgment and affirm the ALJ's decision.  ECF No. 20 at 7, 12.

United States Magistrate Judge Robert W. Trumble then entered his report and recommendation, to which neither party filed objections. ECF No. 22. The magistrate judge found that the Commissioner's decision denying plaintiff's claim for DIB and SSI is supported by substantial evidence and recommends that plaintiff's motion for summary judgment (ECF No. 17) be denied, defendant's motion for summary judgment (ECF No. 20) be granted, and the Commissioner's decision be affirmed and this civil action be dismissed with prejudice ECF No. 22 at 17.

For the reasons discussed below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are clearly erroneous.

## III. Discussion

As the United States Court of Appeals for the Fourth Circuit has held: "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th

Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir. 2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005)). Further, as the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395.

After reviewing the record and the parties' filings, this Court finds that because the parties did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). After reviewing the record before this Court, no clearly erroneous findings exist concerning the magistrate judge's report and recommendation.

In making his recommendations, the magistrate judge first correctly found that the ALJ's credibility assessment of plaintiff is supported by substantial evidence. ECF No. 22 at 8. Next, the

4

magistrate judge correctly found that the ALJ's determination of plaintiff's residual functional capacity does not frustrate meaningful review because the record is adequate and it substantially supports the ALJ's RFC determination.  Id. at 14. Lastly, the magistrate judge correctly found that the Commissioner's decision denying plaintiff's claim for DIB and SSI contains no legal error and is supported by substantial evidence. Id. at 17.

After reviewing the record and the parties' filings, this Court is not "left with the definite and firm conviction that a mistake has been committed" as to the findings of the magistrate judge.  United States Gypsum Co., 333 U.S. at 395.  This Court finds no clear error in any of the above determinations of the magistrate judge and thus upholds his rulings.  Therefore, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 22) is AFFIRMED and ADOPTED. Therefore, the defendant's motion for summary judgment (ECF No. 20) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 17) is DENIED, and the Commissioner's decision is AFFIRMED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. ECF No. 22 at 17-18. Because both parties failed to object, both the defendant and the plaintiff have waived the right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 12, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE